UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-60114-RUIZ/STRAUSS

FUTURE METALS LLC,

    Plaintiff,

v.

FRANK RUGGIERO,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH NOTICE OF DEPOSITION DUCES TECUM DIRECTED TO NON-PARTY TW METALS, LLC (DE 44)**

**THIS CAUSE** has come before the Court upon Plaintiff's Motion to Compel Compliance with Notice of Deposition Duces Tecum Directed to Non-Party TW Metals, LLC ("Motion to Compel") (DE 44). This case was referred to me pursuant to 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and the Magistrate Rules of the Local Rules for the Southern District of Florida for rulings on all pre-trial, non-dispositive matters and for issuance of a Report and Recommendation on any dispositive matters. (DE 24). I have considered the Motion to Compel (DE 44), Non-party TW Metals, LLC's ("TW Metals'") Response and the record and am otherwise duly advised. As set forth below, the Motion to Compel (DE 44) is **GRANTED IN PART AND DENIED IN PART**.

    **I.**     **Background**

The parties' underlying dispute arises from Defendant's employment with Plaintiff and subsequent voluntary resignation from that employment to work for TW Metals. (DE 1 at ¶¶34-35, 44). Plaintiff filed a six-count Verified Complaint ("Complaint") on January 15, 2021 in which

1

Plaintiff alleges, *inter alia*, misappropriation of trade secrets and breach of a confidentiality agreement. On January 19, 2021, Plaintiff filed a motion for a preliminary injunction and a temporary restraining order. (DE 5). Ultimately, the parties stipulated to a consent injunction ("Stipulated Order") (DE 17), and the District Court then issued a temporary restraining order and preliminary injunction by consent to remain in effect for forty-five (45) days and administratively closed the case (DE 18). On March 15, 2021, Plaintiff moved to reopen the case alleging that it had obtained compelling evidence to indicate that Defendant had misappropriated Plaintiff's confidential information and was continuing to do so. (DE 20). The District Court reopened the case on March 16, 2021 (DE 22), and Plaintiff that same day filed a renewed and expedited motion for a temporary restraining order and preliminary injunction ("Renewed Motion"). (DE 21; DE 23). On March 24, 2021, I held a hearing on the Renewed Motion. (DE 32). The parties were unable to agree on terms for a further stipulated consent injunction (DE 36: DE 37). As a result, I issued a Report and Recommendation (DE 38), adopted by the District Court (DE 43), recommending that the Stipulated Order be extended *nunc pro tunc* until thirty (30) days following an evidentiary hearing ("Evidentiary Hearing") that I scheduled for June 2, 2021 (DE 35) to address Plaintiff's Renewed Motion (DE 21; DE 23). In preparation for the Evidentiary Hearing, the parties have been engaging in discovery, which has prompted the instant Motion to Compel.

The Motion to Compel relates to a subpoena for deposition duces tecum served upon non-party TW Metals. Plaintiff provided TW Metals notice of 41 deposition topics pursuant to Fed. R. Civ. P. 30(b)(6) and alleges that the topics relate to issues and defenses in the case and are narrowly tailored in terms of time and scope. (DE 44 at 2). Despite conferral efforts, Plaintiff alleges that TW Metals refuses to respond to four deposition topics. *Id.* at 3. TW Metals affirms

the dispute as to the four deposition topics and, in addition to objections specific to each of the four topics, states a consistent objection to all as follows:

> Irrelevant and seeking sensitive, confidential, and proprietary information and trade secrets of TW Metals. Future Metals cannot be permitted to use this deposition to obtain information about an entity Future Metals claims to be its competitor – particularly, a non-party.

(DE 46 at 5; DE 44-1 at 13-14; DE 44-3 at 2-3).  In addition, Future Metals has the following specific objections to each of the four disputed topics:

1. <u>Topic 28</u>: The types of information that TW Metals considers confidential or a trade secret, and steps taken by TW Metals to protect the secrecy of the same.

    <u>Objection</u>: TW Metals' criterion for determining whether information is confidential and/or trade secrets is of no consequence to this action which relates – exclusively – to information Future Metals claims to be confidential. Similarly, TW Metals' efforts to protect its own information is not relevant to this action whatsoever.

2. <u>Topic 30</u>: All strategic plans, pricing strategies, business development efforts, bids, proposals, or business development strategies developed by Defendant or for which Defendant provided any input at any time since September 1, 2020.

    <u>Objection</u>: By and through [Topic 30], Future Metals purportedly seeks to inquire into any and everything that [Defendant] has done during his employment by TW Metals irrespective of whether the same relates to Future Metals and/or its alleged Confidential Information. TW Metals' Corporate Representative will be prepared to testify as to whether [Defendant] made or was otherwise involved in the subjects set forth in [Topic 30], but only to the extent such conduct related to Future Metals and/or its alleged Confidential Information.

3. <u>Topic 32</u>: All changes made to the strategies, sales efforts, pricing, purchasing, or business plans recommended or suggested to TW Metals by Defendant or made in whole or in part based on any input, suggestion or recommendation of Defendant.

    <u>Objection</u>: By and through [Topic 32], Future Metals purportedly seeks to inquire into any and everything that [Defendant] has done during his employment by TW Metals irrespective of whether the same relates to Future Metals and/or its alleged Confidential Information. TW Metals'

3

>   Corporate Representative will be prepared to testify as to whether [Defendant] made or was otherwise involved in the subjects set forth in [Topic 32], but only to the extent such conduct related to Future Metals and/or its alleged Confidential Information.

4.   <u>Topic 37</u>: Changes made to any proposal to Lockheed at any time since October 1, 2020.

>   <u>Objection</u>: The scope of TW Metals' business far exceeds the very limited area of overlap with Future Metals – namely, aerospace tube distribution. Accordingly, inquiries into changes in TW Metals' business bears no relevance to this action particularly in light of the sensitive, confidential, and proprietary nature of the information sought. Additionally, TW Metals and Future Metals share certain common customers and suppliers further demonstrating the irrelevance of these topics.

(DE 46 at 5; DE 44-1 at 13-14; DE 44-3 at 2-3).  I address each of the disputed topics below.

**II.   Legal Standards**

The scope of discovery under the Federal Rules of Civil Procedure is provided by Rule 26(b)(1), which states in pertinent part:

>   Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Although the scope of discovery is broad, it is not without limits. "Courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions . . . not related to the alleged claims or defenses." *Dellacasa, LLC v. John Moriarty & Assocs. of Fla., Inc.*, No. 07-21659-CIV, 2007 WL 4117261, at *2 (S.D. Fla. Nov. 16, 2007) (internal quotation marks and citation omitted).

Rule 26 further provides that a Court may issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or

be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).  Rule 45 similarly permits a Court to issue an Order modifying or quashing a subpoena if the subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Civ. P. 45(c)(3)(B)(i).

District courts must balance the interests of the litigants in determining whether disclosure is appropriate. *See, e.g., Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 325–27 (S.D. Fla. 1985) (Marcus, J.) (applying a balancing test and stating that "there is no absolute privilege that immunizes trade secrets and similar confidential information from discovery"). Whether disclosure is required rests in the sound discretion of the trial court, and "the party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted." *Paul Gauguin Cruises, Inc. v. eContact, Inc.*, 2010 WL 11558227, at *2 (S.D. Fla. Nov. 2, 2010) (citing *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1354 (S.D. Fla. 2000)).

### III. Analysis

#### A. Topic No. 28

Plaintiff fails to justify how or why TW Metals' proprietary criteria for designating information as a trade secret is relevant to Plaintiff's claims or Defendant's defenses.  Plaintiff argues that it needs the testimony from TW Metals about TW Metals' efforts to protect confidential information because Defendant disputes that the "Confidential Information" referenced in the Complaint is confidential.  (DE 44 at 2-3).  As TW Metals argues, however, Plaintiff bears the burden of demonstrating that the information it seeks to protect is a trade secret that Plaintiff has, in fact, kept secret.  *Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998) ("In a trade secret action, the plaintiff bears the burden of demonstrating both that the specific information it seeks to protect is secret and that it has taken reasonable steps to protect

this secrecy."). *See also* 18 U.S.C. § 1839 (describing the meaning of trade secret); Fla. Stat. § 688.002(4) (describing the meaning of trade secret). Plaintiff cannot meet its burden through the testimony it seeks from TW Metals in Topic No. 28.

I also concur with TW Metals that Plaintiff appears to seek expert testimony from TW Metals without retaining them as an expert. Plaintiff asserts that the information is relevant because Plaintiff and TW Metals operate in the same industry. Parties operating in the same industry, however, would not necessarily designate the same information as confidential and/or as trade secrets. Furthermore, parties operating in the same industry do not necessarily engage in the equivalent, or even comparable, procedures or efforts to protect such information. Nonetheless, to the extent that similarities exist, I conclude that Plaintiff is attempting to use discovery to elicit expert testimony from TW Metals without engaging them as an expert. Accordingly, I find that Plaintiff is not entitled to the relief it seeks with respect to Topic No. 28.

### B. Topic Nos. 30 and 32

Plaintiff fails to demonstrate why TW Metals' proposed narrowing of Topic Nos. 30 and 32 is inappropriate. The topics, as written, seek information about everything that Defendant has done during his tenure working for TW Metals whether or not such activities implicate Plaintiff's confidential information or trade secrets. TW Metals seeks to narrow the topics to "conduct [that is] related to Future Metals and/or its alleged Confidential Information," which is appropriate considering that the allegations in the Complaint pertain to Defendants' use of Plaintiff's Confidential Information to benefit TW Metals. Allowing Plaintiff to inquire about every contribution of Defendant to TW Metal's business planning, whether or not related in any way to Future Metals, is disproportionate to the needs of the case.

Plaintiff's specific arguments and concerns are unavailing to substantiate the broad inquires it seeks to make. Although Plaintiff argues that the parties have agreed to a protective order, a protective order does not justify overbroad inquiries that are not relevant to claims or defenses. Here, the issue is not whether the information disclosed will be protected. Rather, the issue is whether the information pertains to matters at issue in the case. As previously discussed, the subject inquiries exceed that scope. Additionally, to the extent that Plaintiff is concerned that TW Metals will take an overly restrictive view of what information of Plaintiff is confidential, TW Metals specifically stated in making its objection that its narrowing includes Plaintiff's "alleged Confidential Information." Thus, I do not find that TW Metals is seeking to impose upon the inquiries its own definition of what constitutes Plaintiff's "Confidential Information." Accordingly, I conclude that TW Metals' proposed narrowing of Topic Nos. 30 and 32 is sufficient.

### C.   Topic No. 37

The information Plaintiff seeks about changes in TW Metals' relationship with Lockheed Martin exceeds the scope of matters at issue in this case. Plaintiff's argument that Defendant's contact with Lockheed Martin while employed by Plaintiff justify inquiring in general about changes that TW Metals has made in *any* proposal to Lockheed Martin since October 1, 2020 is unavailing. TW Metals asserts that Lockheed Martin is a long-time customer. (DE 46 at 5). Furthermore, TW Metals avers that it produced to Plaintiff copies of emails affirming that TW Metals has expressly excluded Defendant from "its ongoing Lockheed Martin business" ("Affirmation"). *Id.* The Affirmation, however, falls short of specifically stating that TW Metals has made no changes to Lockheed Martin proposals based upon information provided by Defendant. Therefore, I conclude that Topic No. 37 should be narrowed to restrict the inquiry to

changes made in proposals to Lockheed Martin based upon information and/or input provided by Defendant.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel (DE 44) is **GRANTED IN PART AND DENIED** as follows:

1. As to **Topic No. 28**, Plaintiff's Motion to Compel is **DENIED**, and TW Metals' objections are **SUSTAINED**;

2. As to **Topic Nos. 30 and 32**, Plaintiff's Motion to Compel is **GRANTED IN PART**. Specifically, the Motion to Compel is granted to the extent these requests are narrowed as proposed by TW Metals to limit the inquiries to "conduct [that is] related to [Plaintiff] and/or its alleged Confidential Information";

3. As to **Topic No. 37**, Plaintiff's Motion to Compel is **GRANTED IN PART**. Specifically, the Motion to Compel is granted to the extent Topic No. 37 is narrowed to changes that TW Metals made to any proposal to Lockheed at any time since October 1, 2020 based upon information, suggestions, or other input provided by Defendant.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 11th day of May, 2021.

.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

Copies furnished via CM/ECF to:

Hon. Rodolfo A. Ruiz, II
Unites States District Judge

Counsel of record