UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-cv-60114-RUIZ/STRAUSS

| | |
|---|---|
| FUTURE METALS LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| FRANK RUGGIERO | ) ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
TO ADD CLAIM FOR VIOLATION OF ILLINOIS TRADE SECRET ACT**

Pursuant to Fed. R. Civ. P. 20, Plaintiff Future Metals LLC ("Plaintiff"), by and through its undersigned counsel, files this Motion for Leave to Amend Complaint to Add Claim for Violation of Illinois Uniform Trade Secret Act (IUTSA), and as grounds therefore states the following:

**Procedural Background**

On January 15, 2021, Plaintiff commenced this action to prevent the actual and threatened misappropriation of executive-level trade secrets and violations by Defendant Frank Ruggiero. On January 26, 2021, the parties entered into a Stipulated Consent Injunction (**Doc. 17**), whereby Plaintiff would be permitted to engage in certain limited discovery in connection with the allegations of the Verified Complaint. The Court's Order issuing the corresponding Temporary Restraining Order (**Doc. 18**) provided the parties forty-five days in which to conduct said limited discovery and the Order closed the case administratively.  After the conclusion of the forty-five day period, based upon the results of that limited discovery, Plaintiff moved the Court to re-open the case (**Doc. 20**) and renewed its motion for injunctive relief (**Doc. 21**).

On March 24, 2021, this Court held a hearing on Plaintiff's Motion for Renewed Temporary Restraining Order and Preliminary Injunction ("TRO"). In the Court's Report and Recommendations (**Doc. 38**) the Court found, *inter alia*, that the Confidentiality Agreement at issue in this case contains a choice of law provision stating that the Confidentiality Agreement is governed by Illinois Law (**Doc. 38 at 27**).  The Court further found that the language of the Confidentiality Agreement would reasonably extend to claims of misappropriation between the parties; however, the Court expressed uncertainty as to the extent to which Illinois law would apply to the state-law claims of misappropriation as pled in the complaint.  The Court concluded therefore that Illinois law would apply only to Plaintiff's breach of contract claim and Florida law would apply to Plaintiff's state-law trade secret misappropriation claim.

In order for the merits of this case to be properly adjudicated, and in order to clearly delineate which State's law should apply to each claim, Plaintiff now seeks to amend its complaint to add a claim for misappropriation of trade secrets under the Illinois Uniform Trade Secrets Act (IUTSA) (765 ILCS § 1065, et seq.).  The proposed Amended Complaint is attached hereto as **Exhibit A**.  For the reasons stated below, the proposed amendment is proper under Federal Rule of Civil Procedure 15 because all counts contain fundamentally the same allegations of misappropriation and therefore Defendant will not be caused any undue prejudice.

## Memorandum of Law

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings with the opposing party's written consent or leave of court. Further, the rule establishes that leave to amend pleadings "shall be freely given when justice so requires."

> [T]his mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason

> - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. -- the leave sought should, as the rules require, be freely given.

*Foman v. Davis,* 371 U.S. 178, 182 (1962) (citation omitted). It is within the discretion of the court to determine whether to allow an amended complaint. *Id.; see also Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971). "Although the decision whether to grant leave is within the discretion of the district court, the rule contemplates that leave shall be granted unless there is a substantial reason to deny it." *Halliburton & Assocs., Inc. v. Henderson, Few &* Co., 774 F.2d 441, 443 (11th Cir. 1985) (citing *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984) (the policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the trial court's discretion)).

The liberal standard for amending complaints set forth in Rule 15(a) supports granting leave for Plaintiff to amend its complaint to add a claim for misappropriation of trade secrets under the IUTSA. Plaintiff has consistently alleged that Defendant has misappropriated trade secrets. Additionally, it has never been disputed that the Confidentiality Agreement at issue here contains a choice of law provision in Illinois; and that Plaintiff is headquartered in Illinois.  This amendment will not alter any anticipated discovery in the case, nor alter the course of litigation in any meaningful way. There is no evidence in this record of undue delay, bad faith or dilatory motive on Plaintiff's part or of undue prejudice to Defendant by virtue of allowing the amendment. Moreover, a denial of the request to amend at this juncture could unnecessarily create a potential error in the record and lead to an inefficient use of judicial resources. Allowing the amendment would resolve this issue with minimal prejudice to opposing side. Thus, in view of the liberal

policy of Rule 15(a), this Court should exercise its discretion to allow the amendment requested by Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order granting this motion for leave to amend the complaint, and deeming the attached Amended Complaint filed as of the date of such Order.

### Certification of Pre-Filing Conference

Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiff has conferred with Defendant's counsel in a good faith effort to resolve the issues raised in this Motion, however, the parties have been unable to do so.

DATED:  May 21, 2021

Respectfully submitted,

*/s/ Jonathan R. Weiss*
Jonathan R. Weiss
Florida Bar No. 057904
SQUIRE PATTON BOGGS (US) LLP
200 South Biscayne Blvd., Suite 4700
Miami, FL 33131
Telephone: (305) 577-7000
Facsimile:  (305) 577-7001
Email: jonathan.weiss@squirepb.com

Charles M. Poplstein
*(pro hac vice admission)*
Conor Neusel
*(pro hac vice admission)*
Brian A. Lamping
*(pro hac vice admission)*
THOMPSON COBURN LLP
One US Bank Plaza, Suite 2700
St. Louis, MO 63101
Telephone:  (314) 552-6000
Facsimile:   (314) 552-7000
Email: cpoplstein@thompsoncoburn.com
Email: cneusel @thompsoncoburn.com

***Counsel for Plaintiff Future Metals LLC***

- 5 -

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on May 21, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

                  */s/ Jonathan R. Weiss*
                  Jonathan R. Weiss